**Stephen SEGALL and Wendy Segall Plaintiffs,**

v.

**Manual RAPKIN, individually and d/b/a Cranford Farm, Cranford Farm, Inc., Goodkind & O'Dea, Inc., Atzel, Scatazza & Zeigler, P.C., and Town of Clarkstown, a municipal corporation, Defendants.**

**Bart SILVERMAN and Katherine Silverman, Plaintiffs,**

v.

**Manual RAPKIN, individually and d/b/a Cranford Farm, Cranford Farm, Inc., Goodkind & O'Dea, Inc., Atzel, Scatazza & Zeigler, P.C., and Town of Clarkstown, a municipal corporation, Defendants.**

Nos. 94 Civ. 7693 (VLB), 95 Civ. 0357 (VLB).

United States District Court, S.D. New York.

Feb. 6, 1995.

Stephen Segall, Groman & Segall, P.C. New York City, for plaintiffs Stephen and Wendy Segall.

Michael L. Macklowitz, New York City, for plaintiffs Bart and Katherine Silverman.

Bardyl R. Tirana, Washington, DC, for defendant Goodkind & O'Dea.

Schwartz & Silverstein, New City City, Thomas J. Newman, Kornfeld, Rew, Newman & Ellsworth, Suffern, NY, for defendants Manual Rapkin and Cranford Farm, Inc.

L'Abbate & Balkan, Garden City, NY, for defendant Atzel, Scatazza & Zeigler, P.C.

Joseph A. Maria, P.C., White Plains, NY, for defendant Town of Clarkstown.

### *MEMORANDUM ORDER*

VINCENT L. BRODERICK, District Judge.

I

These related cases arise from repeated flooding of plaintiffs' homes and property by a nearby tributary of what is known as the Demarest Kill. Plaintiffs assert the flooding occurs because defendants Manual Rapkin ("Rapkin") and Cranford Farm ("Cranford"),

improperly constructed the homes 3.5 feet below the base flood water surface elevation.

Plaintiffs additionally allege that the improper construction of the homes was caused by errors in a "Flood Insurance Study" completed by defendant Goodkind and O'Dea (hereinafter "Goodkind") at the request of the Federal Emergency Management Agency ("FEMA") which administers the National Flood Insurance Program under 42 U.S.C. § 4001. Jurisdiction is based on 28 U.S.C. § 1331.

Defendant Goodkind has moved to dismiss plaintiffs' 42 U.S.C. § 4001 claims on the grounds that the statute and the National Flood Insurance Program do not create a private right of action. The motion is granted and both cases remanded to state court.[1] The Clerk is directed to remove these cases from the active calendar of the court.[2]

## II

Between 1978 and 1983 FEMA employed the services of defendant Goodkind to complete a "Flood Insurance Study" of certain areas of defendant Town of Clarkstown ("Clarkstown") in connection with its application to participate in the National Flood Insurance Program.

Based on the contents of the study, FEMA issued a "Flood Hazard Boundary Map" which indicated the base flood elevation for certain property including the land on which the plaintiffs' homes were constructed. Based on the data provided on the map, Clarkstown informed defendants Rapkin and Cranford that the base flood water surface elevation for the plaintiffs' property was 105 feet above sea level. Plaintiffs allege this figure arrived at by FEMA was inaccurate due to survey errors by Goodkind, and that as a result the floor of plaintiffs' homes were constructed 3.5 feet below the base flood water surface elevation.

1. Both cases were removed to this court by defendant Goodkind.

## III

In determining whether 42 U.S.C. § 4001 creates a private cause of action the "central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979). Where congressional intent cannot be inferred from the language or structure of the statute and no other source of intent exists, a private right of action cannot be implied. *Thompson v. Thompson,* 484 U.S. 174, 179, 108 S.Ct. 513, 516, 98 L.Ed.2d 512 (1988).

While Section 4001 creates no private right of action explicitly, Congress did explicitly state the reasons for enacting the National Flood Insurance Act. Among those listed were to encourage local governments to limit flood damages by restricting and guiding development of land susceptible to flooding. 42 U.S.C. § 4001(e).

The purpose of Section 4001 does not impliedly create a private right of action. It is not necessary for private parties to have a right of action under the Act to achieve or further its purposes. Indeed, to allow plaintiffs to hold Goodkind liable under Section 4001 would discourage future surveyors from reporting their views concerning flood levels to FEMA.

In addition, courts have consistently held that no private cause of action exists for breach of duty by a government contractor for violation of the underlying agency's statutory duties. See *Arvai v. First Federal,* 698 F.2d 683 (4th Cir.1983) (no private right of action by a borrower against a lender for failure to comply with the requirements of 42 U.S.C. §§ 4012 and 4104); *Till v. Unifirst Fed. Sav. & Loan,* 653 F.2d 152, 155–56, 158–61 (5th Cir.1981) (no implied private right of action by borrowers against federally insured savings and loan association). *Roberts v. Cameron–Brown Co.,* 556 F.2d 356, 360–62 (5th Cir.1977).

2. Since the claims are essentially the same in these cases, the "Silverman" plaintiffs in 95 Civ. 0357 consented to accept the ruling on this motion as binding on their 42 U.S.C. § 4001 claim.

## IV

Since this court's jurisdiction under 28 U.S.C. § 1331 is based solely on the plaintiffs' dismissed claims arising under 42 U.S.C. § 4001 and no basis for exercising pendant or supplemental jurisdiction under 28 U.S.C. § 1367 has been suggested, no jurisdiction remains.

SO ORDERED.