**Michael ALEXANDER,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 84–6564.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1985.

Decided April 22, 1986.

Michael Alexander, pro se.

Shari Silver, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before FLETCHER, PREGERSON and CANBY, Circuit Judges.

PREGERSON, Circuit Judge:

Appellant Michael Alexander ("Alexander") was conditionally hired by the Pacific Stock Exchange ("PSE") to work as a security officer. On June 18, 1982, the personnel department at the PSE requested a background check of Alexander from the Federal Bureau of Investigation ("FBI"). Thereafter, the FBI sent to the PSE Alexander's "rap sheet," i.e., his FBI identification record, which contained information that resulted in the termination of Alexander's employment on or about August 20, 1982. The "rap sheet" purportedly contained two arrest items that should not have been released because they had been ordered sealed by a California court.

On July 20, 1984, Alexander filed this action. He subsequently filed a parallel suit in state court which is still pending. He contends that the federal government was negligent in failing to remove from his record information that he believes a California court ordered expunged.

The district court dismissed Alexander's complaint with prejudice for lack of subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"). Alexander asserts that he stated two claims, one under 28 U.S.C. § 534 and the other under 5 U.S.C. § 552a(g), over which the district court has jurisdiction and for which relief could be granted. Neither claim explicitly invoked the FTCA.

An order granting a motion to dismiss is reviewed *de novo*. *Miller v. Oregon Liquor Control Commission*, 688 F.2d 1222, 1223 (9th Cir.1982). Because we affirm the district court's order dismissing the action for lack of subject matter jurisdiction, we do not address the validity of the order granting summary judgment in the alternative.

I. *The FTCA Claim.*

Alexander asserts that implicit in 28 U.S.C. § 534's authorization of the Justice Department to acquire and preserve arrest records is the concomitant duty to exercise due care over those records. He further asserts that the FBI's duty entails taking notice of any responsible information furnished to it by local law enforcement agencies. *See Tarlton v. Saxbe*, 507 F.2d 1116, 1122, 1129 (D.C.Cir.1974). The court in *Tarlton* stated: "we interpret § 534 in a manner designed to prevent government dissemination of inaccurate criminal information without reasonable precautions to ensure accuracy." *Id.* at 1125. Alexander relies on this language in arguing that the FBI breached its duty to him under section 534 by failing to correct his arrest record when, pursuant to a state court order, the California Bureau of Investigation allegedly requested the FBI to expunge certain juvenile arrests from Alexander's records. The FBI denies ever receiving such a request from the California authorities.

Alexander's argument fails on two grounds. First, the court in *Tarlton* emphasized that the duty implicit in section 534 "could not include ... a requirement that the FBI resolve factual or legal issues that might arise if the allegations of the individual subject of the record and the statements of the local law enforcement agency conflict." 507 F.2d at 1129. Alexander's pending state suit attests that a conflict currently exists between Alexander and California authorities as to whether a state court order expunging his juvenile arrests from his arrest record was actually issued and, if so, whether the order was transmitted to the California Bureau of Investigation. The FBI's duty to maintain reasonably accurate records does not require it to resolve disputes between Alexander and the California authorities.

Second, even assuming that the FBI negligently breached a duty owed under section 534, Alexander's complaint is barred under the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680. Although his claim is based on negligence, it is actually a claim for "misrepresentation" and therefore barred by the immunity retained under 28

U.S.C. § 2680(h).[1] *See Bergman v. United States*, 751 F.2d 314, 317 (10th Cir.1984) (a "negligence" claim against the Department of Commerce by a former employee alleging that the agency had unlawfully refused to "correct" his work classification records was actually a claim of "misrepresentation, deceit and slander" and therefore barred by section 2680(h)), *cert. denied*, — U.S. ——, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985); *see also Guild v. United States*, 685 F.2d 324, 325 (9th Cir.1982) ("misrepresentation" exception to the FTCA applies to claims for damages from commercial decisions based upon false or inadequate information provided by government). In *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), the Supreme Court recognized the broad reach of the "misrepresentation" exception of section 2680(h). In rejecting a FTCA complaint against the Federal Housing Administration for a negligently excessive appraisal, the Court noted:

> To say, as the Fourth Circuit did, that a claim arises out of "negligence," rather than "misrepresentation," when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, *i.e.*, the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely ..., is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," ... which there is every reason to

believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h).

*Id.* at 706–07, 81 S.Ct. at 1300–01. Because Alexander's claim under 28 U.S.C. § 534 fits squarely into the category of "negligent misrepresentation," it is barred by 28 U.S.C. § 2680(h).

## II. *Privacy Act Claim.*

██ Alexander also argues that the district court had subject matter jurisdiction over his Privacy Act claim that the FBI failed to maintain an accurate record of his arrests. He relies on 5 U.S.C. § 552a(g), which provides for a cause of action against any agency maintaining prejudicially inaccurate records concerning an individual. Alexander, however, overlooks the broad "general exemptions" to Privacy Act claims found in 5 U.S.C. § 552a(j). This section expressly prohibits suits against an agency for passing inaccurate information to a third party, if appropriate regulations have been issued. Pursuant to section 552a(j), the Department of Justice issued 28 C.F.R. § 16.96(e), which exempts the Identification Division Records System of the FBI from, *inter alia*, 5 U.S.C. § 552a(g).[2] Because the Identification Division of the FBI maintains Alexander's record and because the Department of Justice has promulgated rules exempting the records system of that division from 5 U.S.C. § 552a(g), Alexander is barred from taking advantage of the civil remedies afforded by

---

1. 28 U.S.C. § 2680(h) provides that the provisions of the Federal Tort Claims Act shall *not* apply to:

   Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of

the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal Law. (Emphasis added.)

2. 28 C.F.R. § 16.96(f)(2) provides the following justifications for exempting section 552a(g) claims against the Justice Department:

   From subsection[ ] ... (g) because [it] concern[s] an individual's access to records which concern him. Such access is directed at allowing the subject of a record to correct inaccuracies in it. Although an alternate system of access has been provided in 28 C.F.R. 16.30 to 34 and 28 C.F.R. 20.34, the vast majority of records in this system concern local arrests which it would be inappropriate for the FBI to undertake to correct.

**1352**

the Privacy Act. Alexander has therefore stated no claim for relief under the Privacy Act.

AFFIRMED.