**Walter J. MUNDY, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 91–55771.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1992.

Decided Jan. 13, 1993.

As Amended on Denial of Rehearing and Rehearing En Banc April 18, 1993.

Stephen Math and Daniel S. Wallis, Law Offices of Stephen Math, Woodland Hills, CA, for plaintiff-appellant.

Suzanne H. Segal, Asst. U.S. Atty., Los Angeles, CA, for defendant-appellee.

Before D.W. NELSON and REINHARDT, Circuit Judges, and CALLISTER, District Judge.[*]

CALLISTER, Senior District Judge:

### Introduction

The appellant, Walter Mundy, claims that he was fired from his job because of negligence on the part of the United States Government. He brought suit against the Government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680 (1988). The District Court granted the Government's motion to dismiss, and Mundy appeals. We reverse.

### Factual and Procedural Background

Mundy was employed by Northrop Corporation (Northrop), and held a security clearance granted by the Government. When Northrop requested a higher security clearance for Mundy to permit him to work on a new project, the Government denied the request without explanation.

Mundy alleges that Northrop then fired him because he was unable to obtain the higher security clearance. Mundy later received his Government security clearance file and found nothing derogatory that would explain the denial. The Government also maintained a security file on Mundy's wife. When Mundy examined his wife's file, he discovered a Federal Bureau of Investigation (FBI) report that belonged in his file and would have resulted, he alleges, in approval of his security clearance request.

Mundy filed an FTCA claim which the Government denied, and Mundy responded

---

[*] The Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation.

by filing this suit. In his complaint, Mundy alleges that the Government negligently processed his request for a security clearance by misfiling the FBI report and failing to discover the misfiling. The Government filed a motion to dismiss on the basis of the "misrepresentation exception" to the FTCA, 28 U.S.C. § 2680(h). The District Court granted the motion, and Mundy appeals.

### Standard of Review

■ When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case. *Broudy v. United States*, 661 F.2d 125 (9th Cir.1981). Here, the District Court held that the statutory exception in section 2680(h) applied; thus the dismissal was pursuant to Fed.R.Civ.P. 12(b)(1). We review a district court's grant of a motion to dismiss under Rule 12(b)(1) *de novo*. *San Francisco Democratic Cent. Comm. v. Eu*, 826 F.2d 814, 818 n. 3 (9th Cir.1987), *aff'd*, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989).

### Analysis

The FTCA generally waives the Government's sovereign immunity to tort claims, but Congress provided for an express exception to this waiver in 28 U.S.C. § 2680(h) for "any claim arising out of ... libel, slander, misrepresentation, deceit, or interference with contract." The Government asserts that Mundy's claims are misrepresentation claims based on the Government's communication to Northrop denying the security clearance.

The law governing the misrepresentation exception was aptly summarized in *United States v. Fowler*, 913 F.2d 1382, 1387 (9th Cir.1990):

> Courts have had difficulty determining whether a claim is one for misrepresentation. The concept is slippery; "any misrepresentation involves some underlying negligence" and "any negligence action can be characterized as one for misrepresentation because anytime a person does something he explicitly or implicitly represents that he will do the thing nonnegligently." *Guild v. United States*, 685 F.2d 324, 325 (9th Cir.1982). To determine whether a claim is one of misrepresentation or negligence the court examines the distinction

> > between the performance of operational tasks and the communication of information. The Government is liable for injuries resulting from negligence and performance of operational tasks even though misrepresentations are collaterally involved. It is not liable, however, for injuries resulting from commercial decisions made in reliance on Government misrepresentations.

> *Id.* 913 F.2d at 1387 (quoting *Guild v. United States, supra*, at 325).

■ Here, Mundy's negligence claim focuses on the performance of an operational task—the processing of a requested security clearance—rather than the communication of information. The Government was negligent, Mundy asserts, in misfiling a document and in subsequently overlooking that document during the processing of his security clearance request. Although the Government necessarily communicated the result of this operational task to Northrop, the communication was not a misrepresentation: the security clearance in fact had been denied. Viewed in this way, the communication was only "collaterally involved" in Mundy's injury. The Government's alleged operational error—overlooking a misfiling in processing Mundy's security clearance—remains the focal point of this suit.

This case is therefore distinguishable from *Alexander v. United States*, 787 F.2d 1349 (9th Cir.1986). There, the FBI sent the plaintiff's "rap sheet" to his employer. The rap sheet contained two arrest items that should not have been placed on the report because they had been ordered sealed by a California court. *Id.* at 1350. The employer allegedly fired the plaintiff because of these two arrests, and the plain-

tiff brought suit against the Government under the FTCA. We held that plaintiff's claim was barred by the misrepresentation exception.

*Alexander* is distinguishable because the Government's communication in that case—a true misrepresentation upon which the recipient relied—formed the basis of the claim. Here, in contrast, the communication—the accurate conveyance of the results of the security clearance processing—was only collaterally involved; the negligence at the heart of Mundy's claim lies in the processing errors of misfiling and the failure to discover the misfiling.

■ The Government also asserts that Mundy's claims are barred by the interference with contract rights exception of section 2680(h). In support of its argument, the Government cites *Dupree v. United States*, 264 F.2d 140 (3rd Cir.), *cert. denied*, 361 U.S. 921, 80 S.Ct. 253, 4 L.Ed.2d 189 (1959). In that case, the plaintiff claimed that the Government's denial of his request for a security clearance constituted "negligent interference by a Government agent or agency with his prospective employment." *Id.* 264 F.2d at 143. The plaintiff explained in his appellate briefing that his claim centered around the conduct of the Government "preventing [plaintiff] from entering into business relations with a third person...." *Id.* The Third Circuit found that the plaintiff's claim for interference with prospective advantage was "simply an extension" of the tort of interference with contractual relations and thus was barred by section 2680(h). *Id.*

*Dupree* is distinguishable. Mundy's complaint contains no claim for interference with prospective advantage. The Government asserts, however, that because Mundy is seeking lost wages and other damages for the loss of his employment, his negligence claim is "simply an extension" of a claim for interference with contractual relations, and thus *Dupree* should be applied here.

When faced with a similar argument, the D.C. Circuit specifically refused to follow *Dupree*. *Black v. Sheraton Corp. of America*, 564 F.2d 531 (D.C.Cir.1977). There, the plaintiff sought damages for the loss of employment allegedly caused by an admittedly illegal FBI wiretap. *Id.* at 540. The Government sought to characterize plaintiff's claim as an interference with contract claim and cited *Dupree*. The D.C. Circuit distinguished *Dupree* and held that the plaintiff had set forth an invasion of privacy claim that was not a disguised interference with contract claim even though the damages might be similar. The Circuit stated that "[w]e believe that the Government mistakes particular items of damages for the tortious wrongs alleged in plaintiff's complaint." *Id.* 561 F.2d at 540. The Circuit then went on to draw a distinction "between the tortious wrong alleged in plaintiff's complaint and the items of damage flowing therefrom...." *Id.* at 541.

That same distinction exists in the present case. Even though the damages sought by Mundy are similar to those obtainable on an interference claim, the tortious wrong alleged in his complaint is the failure to process a security clearance with due care, not an interference with contract. This same reasoning applies to the Government's further argument that Mundy's claim is really one for slander, which is barred by the libel and slander exception of section 2680(h). We therefore hold that section 2680(h) is inapplicable to this case.[1]

We therefore REVERSE the decision of the District Court granting the Government's motion to dismiss, and REMAND

---

1. After full briefing of this appeal, the government raised for the first time its contention that *Dorfmont v. Brown*, 913 F.2d 1399 (9th Cir. 1990), *cert. denied*, 111 S.Ct. 1104 (1991), bars Mundy's claim. With only limited exceptions, we do not consider issues raised for the first time on appeal. *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir.1986). We therefore decline to address the Government's untimely assertion.

this case for proceedings consistent with this decision.