21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnold NAFTEL, Plaintiff-Appellant,
v.
Lt. WOODS; Juli Buck, Corrections Programs Officer; Roger
Jensen, CPO II; Dan Venelli, Assistant Deputy
Warden; et al., Defendants-Appellees.
 No. 93-15341.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnold Naftel, an Arizona state prisoner, appeals pro se the district court's judgment after a jury trial and partial summary judgment for the defendant prison officials in Naftel's 42 U.S.C. Sec. 1983 civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 JURY VERDICT
 
 3
 Naftel contends that the jury verdict is not supported by the evidence. This contention lacks merit.
 
 
 4
 With respect to the sufficiency of the evidence, if a party has not moved for a directed verdict our inquiry is limited to "whether there is an absolute absence of evidence to support the jury's verdict." Smith v. Sumner, 994 F.2d 1401, 1407 (9th Cir.1993) (quotation and citation omitted).
 
 
 5
 Naftel claimed that the defendants were deliberately indifferent to his serious medical needs because they did not allow him to shower in the prison detention unit each time he had to change his colostomy bag. Naftel argues that showers were necessary to keep the ostomy site sanitary. Medical experts testified that showers were not necessary to change a colostomy bag or to keep the ostomy sanitary. Naftel had access to a sink with hot and cold running water, soap, towels, and a toilet; thus, he was not denied a means to change his colostomy bag or a way to keep the ostomy clean.
 
 
 6
 Naftel did not move for a directed verdict. Thus, we need only determine whether there was an absence of evidence to support this verdict. See id. The testimony of the expert medical witnesses that showers were unnecessary to change a colostomy bag is sufficient evidence to support the jury's verdict. See id. Therefore, this claim lacks merit.
 
 
 7
 Naftel also contends that there was insufficient evidence to support the jury's verdict on his claim that he was denied due process by being kept in a detention unit for 34 days on investigatory status, contrary to prison policy. The defendants testified that Naftel was kept in detention beyond 30 days pursuant to regulations which apply once disciplinary proceedings against an inmate have been initiated. Therefore, there is not an absence of evidence to support the jury's verdict, and this claim also lacks merit. See id.
 
 
 8
 Naftel contends that the testimony of witness Matthews about what the Correctional Medical Assistant said to her about Naftel's need for showers was inadmissable hearsay, and constituted reversible error. However, Naftel is precluded from raising this issue on appeal absent a showing of plain error because he failed to object at trial. See Brocklesby v. United States, 767 F.2d 1288, 1293 n. 5 (9th Cir.1990) (a party fails to preserve an issue for appeal by failing to make a specific objection). Plain error will be found only if the error is highly prejudicial and there was a high probability that the error materially affected the verdict. United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.), cert. denied, 493 U.S. 969 (1989). Naftel has failed to show plain error, and thus we will not consider this issue. See id.
 
 
 9
 Naftel contends that the district court erred by allowing Naftel to be impeached by his prior criminal convictions. Again, Naftel did not object to the introduction of the convictions at trial, and thus, for the same reasons, we will not consider this issue. See id. at 1319.
 
 SUMMARY JUDGMENT
 
 10
 Before trial, the district court granted partial summary judgment to the defendants on several claims. Naftel also challenges this ruling on various claims.
 
 
 11
 This court reviews de novo the district court's grant of summary judgment, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 12
 Naftel contends that he was retaliated against on several occasions for exercising his right of access the courts and acting as a legal assistant. Specifically, he claims he was retaliated against when he lost his job and was removed from the honor pod; when he was asked to wait in line to sign a medical waiver; when he was strip searched[1]; and when he was denied the opportunity to attend school or to have a job. As the district court found, Naftel failed to proffer any evidence, other than the allegations in his pleadings, that these incidents were in retaliation for his conduct. The defendants, moreover, have submitted affidavits stating that none of these incidents were motivated by a desire to retaliate against Naftel. Therefore, these claims fail for lack of specific evidence to withstand summary judgment. See id.
 
 
 13
 Naftel contends that he was denied access to the courts when he was detained in the Complex Detention Unit (CDU) and at the Rincon Detention Unit (RDU). This contention lacks merit.
 
 
 14
 Prisoners have a constitutional right of meaningful access to the courts either through adequate law libraries or persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Here, although Naftel was denied actual physical access to the law library while he was in detention, he was allowed to meet with law clerks. Accordingly, the district court did not err by finding that Naftel was not denied access to the courts under Bounds, and summary judgment on this claim was therefore proper. See id.
 
 
 15
 Finally, Naftel contends that all of the above claims, liberally construed, allege a conspiracy on the part of defendants. Because Naftel did not raise this claim below, we will not address it for the first time on appeal. See Mundy v. United States, 983 F.2d 950, 953 n. 1 (9th Cir.1993).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants, in a sworn affidavit, state that Naftel was not strip searched, but asked to remove his shirt for tattoos that might identify him as part of a prison gang