United States Court of Appeals,

Fifth Circuit.

No. 94-41204.

SARAW PARTNERSHIP, et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, et al., Defendants-Appellees.

Oct. 31, 1995.

Appeal from the United States District Court for the Eastern District of Texas.

Before REYNALDO G. GARZA, KING and HIGGINBOTHAM, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Background

Saraw Partnership, Wilburn A. Roberts, Shirley J. Roberts, and Robert Schlegel (collectively Saraw or the partnership) sued the United States and Citizens and Southern National Bank (the bank) pursuant to the Federal Tort Claims Act (FTCA) for alleged mishandling of a Veterans' Administration (VA) loan.[1] The partnership was formed in 1984 for the purpose of acquiring residential real property which was in the process of being foreclosed on or had already been foreclosed. Saraw would improve the property for rental use and eventual sale. In the same year that it was formed, Saraw purchased parcels of real estate from the United States, acting through the VA. Saraw executed nine promissory notes in favor of the VA, each of which was given an internal loan number by VA.

This dispute centers on the purchase of a property in

_____

[1]The bank acted as a depository for receiving and crediting of payments on Saraw's VA loans.

Jefferson County, Texas. The VA financed the purchase of the property and assigned it Loan # 28541. Saraw was to make monthly loan payments to VA and VA was to send a payment coupon on each loan. The payment coupon contained information such as the payment due date, the amount due, and the VA loan number. The VA sent Saraw payment coupons for all of the loans except Loan # 28541. This failure to send payment coupons for Loan # 28541 apparently was caused by an erroneous computer data entry made by one of the VA's employees. Saraw notified the VA that it did not have a payment coupon for the loan and sent the payment for Loan # 28541 with other payments, designating the checks for Loan # 28541.

Saraw alleged that the payments it sent for Loan # 28541 were applied to their various other loans, allowing Loan # 28541 to fall into arrears. The bank was not permitted to credit loan payments without payment coupons attached. As a result, the VA twice foreclosed on the property securing Loan # 28541, placed a cloud on Saraw's title, continued to demand payments for Loan # 28541 and refused to account for and return Saraw's prior payments. During the period 1987-1989, Saraw continued to make payments on Loan # 28541 while it worked with VA to resolve the dispute. VA admitted by letter that the problem arose because of erroneous data entry and VA's failure to correct that erroneous entry.

Saraw settled its claim against the bank but pursued its action against the VA, claiming that the VA acted negligently in the handling of Saraw's loans. The parties consented to have a magistrate judge conduct the proceedings. Several pleadings followed. The magistrate judge granted Saraw's motion to file a

fifth amended complaint but then considered the United States' alternative motions for dismissal or summary judgment. Holding that the majority of Saraw's claims were barred under 28 U.S.C. § 2680(h) as arising under the tort of misrepresentation, the magistrate judge dismissed the action for lack of subject matter jurisdiction. Saraw moved for a new trial and new judgment. The court denied Saraw's motion and Saraw timely appealed. We hear the appeal to decide whether the plaintiffs have alleged an action under misrepresentation which is barred or have made a permissible negligence claim under FTCA.

## Discussion

### A. Standard of Review

We review *de novo* the magistrate judge's grant of the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Hobbs v. Hawkins,* 968 F.2d 471, 475 (5th Cir.1992). This Court will not affirm the dismissal "unless it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim which would entitle them to relief." *Id.* (internal quotation and citation omitted). Since this matter comes to us from a dismissal pursuant to Fed.R.Civ.P. 12(b)(1), we must take as true all of the allegations of the complaint and the facts as set out by the appellant. *Garcia v. United States,* 776 F.2d 116, 117 (5th Cir.1985). Because we find that plaintiff could prove facts demonstrating negligent performance of an operational task on the part of the United States, we reverse the decision of the magistrate judge.

### B. Liability Under FTCA

The United States as a sovereign is immune from suit except as it has consented to suit. *Williamson v. U.S.D.A.,* 815 F.2d 368, 373 (5th Cir.1987). The FTCA provides that the United States can be liable in tort for any

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). There are several exceptions to this consent to be sued which must be strictly construed in favor of the government. *Atorie Air Inc. v. F.A.A.,* 942 F.2d 954, 958 (5th Cir.1991). The exception relevant to this dispute is that which bars claims "arising out of ... misrepresentation." 28 U.S.C. § 2680(h). This exclusion encompasses claims for negligent as well as intentional misrepresentation. *Williamson,* 815 F.2d at 377 & n. 8. It also covers both affirmative acts of misrepresentation and omissions of material fact. *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir.1993).

The magistrate judge dismissed on the grounds that the plaintiffs alleged the tort of misrepresentation, stating that

> Although the chain of events in this case may have started with a mistake in key-punching an address on a computer data sheet, the damages asserted in this case were caused by the government allegedly failing to communicate to the plaintiff that there was a problem with its loan payments.

Saraw claims *contra* that its alleged damages arose *primarily* from the negligent keystroke. The government asserts that the magistrate judge properly held that any damages arose from VA's alleged failure to communicate to Saraw the problems with the loan; thus Saraw's claim is barred under the misrepresentation exclusion

of FTCA, 28 U.S.C. 2680.

As is evident from this conflict, the line between what constitutes a permissible negligence claim and a barred misrepresentation claim has not been clearly delineated. This Circuit has no clear precedent commanding a result in this case. However, the 9th Circuit recently had a chance to consider the troublesome distinction between negligence and misrepresentation in a case involving facts similar to those now before us.

In *Mundy v. U.S.,* 983 F.2d 950 (9th Cir.1993), the plaintiff (Walter Mundy, a Northrop Corporation employee) sued the United States under the FTCA for negligently handling his request for a higher security clearance. The government misfiled a document and then overlooked that document during the processing of his security clearance, resulting in a denial of security clearance. The government then communicated the result of the security clearance process to the plaintiff's employer who promptly terminated the plaintiff. The issue in that case was whether the plaintiff's claim was based on negligent misrepresentation from the government or from its negligent performance of an operational task. The court turned to *United States v. Fowler,* 913 F.2d 1382, 1387 (9th Cir.1990) for guidance:

> Courts have had difficulty in determining whether a claim is one for misrepresentation. The concept is slippery; any misrepresentation involves some underlying negligence and any negligence action can be characterized as one for misrepresentation because anytime a person does something he explicitly or implicitly represents that he will do the thing non-negligently. *Guild v. United States,* 685 F.2d 324, 325 (9th Cir.1982). To determine whether a claim is one for misrepresentation or negligence the court examines the distinction
>
> between the performance of operational tasks and the

> communication of information. The government is liable for injuries resulting from negligence in performance of operational tasks even though misrepresentations are collaterally involved. It is not liable, however, for injuries resulting from commercial decisions made in reliance on government misrepresentations. *Fowler,* 913 F.2d at 1387 (quoting *Guild,* 685 F.2d at 325).

*Mundy,* 983 F.2d at 952. The *Mundy* court reasoned that

> Mundy's negligence claim focuses on the performance of an operational task—the processing of a requested security clearance—rather than the communication of information.... Although the government necessarily communicated the result of this operational task to Northrop, the communication was not a misrepresentation: the security clearance had in fact been denied. Viewed in this way, the communication was only collaterally involved in Mundy's inquiry. The government's alleged operational error—overlooking a misfiling in processing Mundy's security clearance—remains the focal point of this suit.

*Id.* Thus the Ninth Circuit held that the claim was not based on a misrepresentation and allowed the claim. *Id.* at 953. The communication—the accurate conveyance of the results of the security clearance processing—was only collaterally involved; the negligence at the heart of Mundy's claims lay in the processing errors of misfiling and the failure to discover the misfiling. *Id.*

The court below correctly cited *Mundy* but incorrectly applied it to the facts of this case. In our estimation, the decision of the magistrate judge misapprehends the source of this conflict and the nature of misrepresentation. We will look to the essential act that spawned the damages. In doing so, we reach a conclusion similar to that of the Ninth Circuit.

The erroneous keypunch for Loan # 28541 was the causa sine qua non for all the problems that followed.[2] This case is not about

---

[2]*Cf. Redmond v. United States,* 518 F.2d 811 (7th Cir.1975) (where *misrepresentations* were the sine qua non in chain of causative events on which claim of complaint was founded, claim

reliance on faulty information or on the lack of proper information; rather, the gist of this case is the government's careless handling of Saraw's loan payments. As in *Mundy,* any lack of communication on the government's part seems collateral to the fact of the mishandling of Saraw's payments. The court erroneously characterized Saraw's claim as one under misrepresentation. The proper focal point of this suit is the alleged negligently-performed operational task of the government. Thus, Saraw should be allowed to bring an action under FTCA.

Additionally, we note that "the essence of an action for misrepresentation is the communication of misinformation *on which the recipient relies.*" *Block v. Neal,* 460 U.S. 289, 296, 103 S.Ct. 1089, 1093, 75 L.Ed.2d 67 (1983) (emphasis added). The record in this case is replete with evidence that Saraw did not rely on the lack of communication by VA that there were problems with the loan. Rather, Saraw notified VA when the payment coupon was noticed to be missing and has attempted since then on numerous occasions to undo the effects of the erroneous keypunch. Saraw continued to make payments precisely to avoid the kind of harm apparently caused by the government's erroneous keypunch (foreclosure, clouded title, etc...). Where there is no detrimental reliance on an alleged miscommunication, no claim for misrepresentation is made. *Ware v. United States,* 626 F.2d 1278, 1283 (5th Cir.1980). We believe under these facts that the misrepresentation exclusion does not apply.

We REVERSE the dismissal by the court below and REMAND for

was barred under 28 U.S.C. § 2680(h)).

further proceedings in accordance with the opinion of this Court.