**Paul G. FLEISCHER and Ruth M. Fleischer, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, et al., Defendants.**

**Civil Action No. H–96–1120.**

United States District Court, S.D. Texas.

Feb. 25, 1997.

---

Deborah J. Fleischer, Fleischer, Fleischer & Lanier, Sommerville, NJ, for Plaintiffs.

William Brad Howard, Office of U.S. Atty., Houston, TX, James B. Clark, III, Office of U.S. Atty., Trenton, NJ, for Defendant US-DVA.

Gary F. Werner, Newark, NJ, for Defendant Montgomery County.

Charles M. Silverman, Winstead, Sechrest & Minick, Houston, TX, for Defendant G.E. Capital Mortgage.

James B. Clark, III, Office of U.S. Atty., Trenton, NJ, for Defendants USSBA and FEMA.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

Pending before the court is Defendant United States Department of Veteran Affairs' ("USDVA") Motion to Dismiss (# 12) and Plaintiffs Paul G. Fleischer and Ruth M. Fleischer's (collectively the "Fleischers") Countermotion to Transfer their contract action against the USDVA to the United States Court of Federal Claims (# 18).

Having reviewed the motions, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that USDVA's Motion to Dismiss should be granted in part and denied in part and that the Fleischers' Countermotion to Transfer should be granted.

### I. Background

This case arises out of a 1988 real estate transaction involving residential property located at 3611 Kentwood in Spring, Texas, in Montgomery County. The Fleischers purchased the property from the USDVA in 1988 through a broker, who was acting as the agent of the USDVA. The USDVA was both the seller of the property and the lender of a portion of the monies the Fleischers used to purchase the property. Documents for the transaction were mailed to the Fleischers in

New Jersey, and the terms of the sale were negotiated over the telephone.

As part of the transaction, the USDVA required the Fleischers to sign a document entitled "Acknowledgments(s) Required." The Fleischers were to acknowledge individually, by way of initials, that certain conditions of the premises were acceptable and that the USDVA made no warranties, expressed or implied, with respect to those conditions. One of the items listed on the documents was "AR-4_____ This Property is located in a special flood hazard area. Flood insurance will be required." The Fleischers were not required to initial acceptance of that condition. According to the Fleischers, the USDVA's agent indicated that this was not one of the acknowledgments required. The agent allegedly obtained property information from public notices published in the newspaper and from direct communication with the USDVA. On June 26, 1988, the Fleischers initialed all required items and submitted the documents with their offer to purchase.

On October 16, 1994, the Fleischers' residential property flooded to its roof causing extensive damage. Subsequently, the Fleischers learned that the property is and has been in a federally designated 100–year flood plain since Montgomery County began participating in the National Flood Insurance Program in August 1984. Montgomery County assessed damages to the property after the flood and determined that more than fifty percent of the market value was damaged, i.e., it was "substantially damaged." The Fleischers allege that based on the assessment, Montgomery County refused to issue a building permit to allow them to repair or rebuild at the present location at the present elevation. According to the Fleischers, before the flood, the market value of the property was $68,000.00.

The Fleischers also claim that the Federal Emergency Management Agency through the United States Small Business Administration denied them disaster assistance to replace the property due to their claim against the USDVA. The Fleischers assert that this was done in violation of their rights to due process of law under the Fourteenth Amendment to the Constitution. The Fleischers further assert that their constitutional rights under the Equal Protection Clause of the Fourteenth Amendment were violated when the Federal Emergency Management Agency and Montgomery County did not include the property in the Hazard Mitigation Grant Program. According to the Fleischers, they were selectively denied buyout funds to replace the property lost in the flood.

In early 1995, the Fleischers submitted their claim in writing to the USDVA seeking damages for the market value of the flooded property. Their claim was administratively denied by letter dated May 12, 1995, from the District Counsel for Veterans. At that time, the Fleischers were advised of their rights under the Federal Tort Claims Act ("FTCA").

On November 13, 1995, the Fleischers filed suit against the USDVA, Montgomery County, General Electric Capital Mortgage Services, Inc., the United States Small Business Administration, and the Federal Emergency Management Agency. As to Defendant USDVA, the Fleischers assert a claim for negligence under the FTCA, 28 U.S.C. § 2671, including allegations that the USDVA failed to comply with provisions of the National Flood Insurance Act, 42 U.S.C. § 4104a, and the Flood Disaster Protection Act, 42 U.S.C. § 4012a(b). In addition, the Fleischers assert contractual claims against the USDVA. The Fleischers request damages covering the market value of the flooded property, together with costs and disbursements of this action or, alternatively, to be allowed to rescind their contract with the USDVA, to collect damages, and to be protected from enforcement of the outstanding lien against the property by either the USDVA or its successors or assigns.

## II. Analysis

### A. Standard for Dismissal Under 12(b)(1) and 12(b)(6)

A motion to dismiss for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1) may be granted on any one of three bases: (1) the complaint alone; (2) the com-

plaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996); *Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1384 (5th Cir.1989); *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take as true all of the allegations of the complaint. *Saraw Partnership v. United States,* 67 F.3d 567, 569 (5th Cir.1995); *Garcia v. United States,* 776 F.2d 116, 117 (5th Cir.1985). A motion to dismiss under Rule 12(b)(1) should not be granted "unless it appears certain that the plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." *Saraw Partnership,* 67 F.3d at 569; *Hobbs v. Hawkins,* 968 F.2d 471, 475 (5th Cir.1992); *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992) (citing *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 742 n. 1, 96 S.Ct. 1848, 1850 n. 1, 48 L.Ed.2d 338 (1976)).

Similarly, a motion to dismiss under FED. R.CIV.P. 12(b)(6) tests only the formal sufficiency of the statements of the claims for relief. It is not a procedure for resolving contests about the facts or the merits of the case. In ruling on a motion to dismiss, the court must take the plaintiff's allegations as true, view them in a light most favorable to the plaintiff, and draw all inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *see also Capital Parks, Inc. v. Southeastern Advertising & Sales Sys., Inc.,* 30 F.3d 627, 629 (5th Cir.1994); *Fernandez–Montes v. Allied Pilots Assn.,* 987 F.2d 278, 284–85 (5th Cir.1993). The court may not look beyond the four corners of plaintiff's pleadings. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). Thus, the motion must be denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Blackburn*

*v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995); *Matter of U.S. Abatement Corp.,* 39 F.3d 556, 559 (5th Cir.1994); *ALX El Dorado, Inc. v. Southwest Sav. & Loan Ass'n,* 36 F.3d 409, 410 (5th Cir.1994); *McCartney,* 970 F.2d at 47.

### B. *Claims Under the FTCA*

The doctrine of sovereign immunity is a jurisdictional bar to suit against the United States unless the United States waives immunity and consents to suit. *United States v. Sherwood,* 312 U.S. 584, 586–87, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *United States v. Shaw,* 309 U.S. 495, 501, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940); *Bank One Texas v. Taylor,* 970 F.2d 16, 33 (5th Cir. 1992), *cert. denied,* 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993). "Congress sets forth the terms of those waivers and courts may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows." *Wilkerson v. United States,* 67 F.3d 112, 118 (5th Cir.1995). A waiver of sovereign immunity must be strictly construed and, therefore, it cannot be implied but must be unequivocally expressed. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980); *Sherwood,* 312 U.S. at 590, 61 S.Ct. at 771; *Wilkerson,* 67 F.3d at 118; *Interfirst Bank Dallas v. United States,* 769 F.2d 299, 306 n. 10 (5th Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986). Thus, the United States is immune from suit except as specifically and expressly provided by statute. *See Armendariz–Mata v. United States Dept. of Justice, Drug Enforcement Admin.,* 82 F.3d 679, 682 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 317, 136 L.Ed.2d 232 (1996) (citing *FDIC v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994)); *Wilkerson,* 67 F.3d at 118.

The FTCA explicitly waives sovereign immunity under certain circumstances. The FTCA provides, in pertinent part:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be

liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. Hence, "the United States is liable for the negligence of its employees 'in the same manner and to the same extent as a private individual under like circumstances. ....'" *Crider v. United States*, 885 F.2d 294, 295 (5th Cir.1989), *cert. denied*, 495 U.S. 956, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990) (quoting 28 U.S.C. § 2674); *see also United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976); *Thomas v. Calavar Corp.*, 679 F.2d 416, 418 (5th Cir.1982).

■ In order to proceed in court under the FTCA, the plaintiff must have first exhausted the administrative remedies made available by the appropriate governmental agency. *See generally* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 110, 113 S.Ct. 1980, 1982–83, 124 L.Ed.2d 21 (1993); *Saunders v. Bush*, 15 F.3d 64, 66–67 (5th Cir.), *cert. denied*, 512 U.S. 1207, 114 S.Ct. 2678, 129 L.Ed.2d 813 (1994); *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir.1984); *Ware v. United States*, 626 F.2d 1278, 1283 (5th Cir.1980). Here, the Fleischers appear to have satisfied the exhaustion requirement for maintaining an action under the FTCA because, before filing suit, they submitted an administrative claim to the US-DVA, which was denied.

### 1. *Misrepresentation Exception to Waiver of Sovereign Immunity*

The FTCA's waiver of sovereign immunity, however, is not without limits. Section 2680, entitled "Exceptions," provides, in relevant part:

The provisions of this chapter and section 1346(b) of this title shall not apply to—
(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights....

28 U.S.C. § 2680(h). Consequently, with regard to certain torts, the FTCA cannot be invoked, and the government retains its sovereign immunity. Exceptions to the FTCA are strictly construed in favor of the United States. *Saraw Partnership*, 67 F.3d at 569

(citing *Atorie Air, Inc. v. Federal Aviation Admin. of U.S. Dept. of Transp.*, 942 F.2d 954, 958 (5th Cir.1991)); *Truman v. United States*, 26 F.3d 592, 594 (5th Cir.1994); *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir.1993).

It is well settled that the word "misrepresentation," within subsection (h), includes claims arising out of negligent as well as intentional misrepresentation. *Id.; Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 377 & n. 8 (5th Cir.1987); *Rey v. United States*, 484 F.2d 45, 49 (5th Cir.1973). It also encompasses both affirmative acts of misrepresentation and omissions of material fact. *McNeily*, 6 F.3d at 347. In *McNeily*, the Fifth Circuit further explained:

causes of action distinct from those excepted under section 2680(h) are nevertheless barred when the underlying governmental conduct "essential" to the plaintiff's claim can fairly be read to "arise out of" conduct that would establish an excepted cause of action. *Atorie*, 942 F.2d at 958. For example, a plaintiff cannot avoid the reach of § 2680(h) by framing his complaint in terms of negligent failure to prevent the excepted harm. *Garcia v. United States*, 776 F.2d 116, 118 (5th Cir.1985).

*Id.; see also Williamson*, 815 F.2d at 377 (quoting *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir.), *cert. denied*, 479 U.S. 930, 107 S.Ct. 400, 93 L.Ed.2d 353 (1986)). Thus, if the conduct upon which a claim is based, "arises out of" any one of the enumerated torts in § 2680(h), then the federal court lacks jurisdiction to hear that claim. *See United States v. Neustadt*, 366 U.S. 696, 703–04, 711, 81 S.Ct. 1294, 1298–99, 1302, 6 L.Ed.2d 614 (1961); *Canutillo Indep. Sch. Dist. v. National Union Fire Ins. Co.*, 99 F.3d 695, 703 (5th Cir.1996); *Truman*, 26 F.3d at 594; *Commercial Union Ins. Co. v. United States*, 928 F.2d 176, 178–79 (5th Cir.1991). Moreover, the distinction between the performance of operational tasks and the communication of information may be utilized to ascertain whether a claim is barred by § 2680(h).

To determine whether a claim is one for misrepresentation or negligence the court

examines the distinction 'between the performance of operational tasks and the communication of information. The Government is liable for injuries resulting from negligence in performance of operational tasks even though misrepresentations are collaterally involved. It is not liable, however, for injuries resulting from commercial decisions made in reliance on government misrepresentations.'
*United States v. Fowler,* 913 F.2d 1382, 1387 (9th Cir.1990) (quoting *Guild v. United States,* 685 F.2d 324, 325 (9th Cir.1982)).

"[T]he essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block v. Neal,* 460 U.S. 289, 296, 103 S.Ct. 1089, 1093, 75 L.Ed.2d 67 (1983). In *Block,* the United States Supreme Court interpreted § 2680(h) as relieving the government of tort liability for pecuniary injuries attributable to reliance on negligent or intentional misstatements made by the government. *Id.* at 296, 103 S.Ct. at 1093. The Fifth Circuit has delineated a two-part process for determining whether a particular negligence claim is barred by the misrepresentation exception to the FTCA. *See Commercial Union Ins. Co.,* 928 F.2d at 179. The court must determine

> whether the chain of causation from the alleged negligence to the alleged injury depends upon the transmission of misinformation by a government agent. If not, *Block* holds that the misrepresentation exception does not prevent a waiver of sovereign immunity from the state negligence claim. If, on the other hand, the causal chain does depend on the transmission of misinformation, then the exception applies and there is no waiver of immunity under the Act. In that case, the court must determine whether Congress has nonetheless waived sovereign immunity independently of the FTCA, by creating a specific action against the government for the damages claimed.

*Id.*

### 2. *Misrepresentation Exception as Applied to the Case at Bar*

■ Applying this two-step process to the case at bar, it appears that the transmission of misinformation is a necessary link in the causal chain from the alleged negligence on the part of the USDVA to the injuries the Fleischers claim to have suffered. The gravamen of the Fleischers' claim is that the USDVA, by negligently failing to require them to acknowledge that the subject property was in a flood hazard area and that flood insurance was required, was in effect representing that the property was not in such an area. Based on their reliance of not being required to initial the acknowledgment, the Fleischers purchased the property and did not obtain flood insurance. The Fleischers assert that they have sustained damages because they would not have purchased the property if they had been notified of the flood hazard and that subsequently, when the property flooded, it was damaged extensively. Negligent misrepresentation, therefore, is an essential part of the Fleischers' claim.

The Fleischers, however, contend that their cause of action is based on negligent performance by the USDVA and not on negligent misrepresentation. The Fleischers allege in their response to the USDVA's motion to dismiss that the source of the problem in this case was the failure of the USDVA to prepare properly its foreclosed property for marketing and sale, which does not fall within the misrepresentation exception. In ¶ 5 of the Fleischer's complaint, however, they allege, "Veterans [sic] negligence in failing to require Plaintiffs to acknowledge that the subject property was in a flood hazard area had the effect of implying it was not in a flood hazard area." The Fleischers further allege in ¶ 6 that "Veterans [sic] failure to disclose the fact that the subject property was in a flood hazard area was a latent defect which Veterans was required to disclose. Veterans [sic] failure to disclose the latent defect gives Plaintiff grounds for rescinding the contract to purchase." Hence, the primary thrust of the Fleischers' complaint rests upon the USDVA's failure to disclose the flooding hazard connected with the property. Yet, the Fleischers now attempt to recast this misrepresentation by omission action into a negligence action in order to avoid the jurisdictional bar of § 2680(h). As previ-

ously noted, however, "a plaintiff cannot avoid the reach of § 2680(h) by framing his complaint in terms of negligent failure to prevent the excepted harm."

Further, in its reply brief, the USDVA correctly points out that unlike the plaintiffs in the cases cited by the Fleischers, the damages alleged by the Fleischers stem from their reliance on alleged misinformation communicated to them when they were not required to initial that portion of the acknowledgments form dealing with flood hazard and flood insurance. *See Saraw Partnership*, 67 F.3d at 571; *Mundy v. United States*, 983 F.2d 950, 952–53 (9th Cir.1993). Thus, unlike the situations in *Saraw Partnership and Mundy*, the causal chain that led to the Fleischers' alleged injury depends on the USDVA's transmission of misinformation about the existence of a flood hazard upon which they relied in purchasing the property, not upon a failure to perform an operational task.

Furthermore, there is no independent waiver of sovereign immunity in this case, as no separate federal cause of action exists for damages caused by the USDVA's alleged failure to notify the Fleischers that the property was in a flood hazard area. Although the Fleischers assert in their complaint that the USDVA was negligent in its failure to comply with the statutory requirements of 42 U.S.C. §§ 4012a(b) and 4104a, courts have uniformly held that no private cause of action can arise under either 42 U.S.C. §§ 4012a(b) or 4104a. *See Mid–America Nat'l Bank v. First Sav. & Loan Assn.*, 737 F.2d 638, 642–43 (7th Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 924 (1985); *Arvai v. First Fed. Sav. & Loan Assn.*, 698 F.2d 683, 684 (4th Cir.1983); *Till v. Unifirst Fed. Sav. & Loan Assn.*, 653 F.2d 152, 160–61 (5th Cir.1981); *Segall v. Rapkin*, 875 F.Supp. 240, 241 (S.D.N.Y.1995); *Brill v. Northern Cal. Sav. & Loan Assn.*, 555 F.Supp. 566, 570–71 (N.D.Cal.1982). Moreover, in their response to USDVA's motion to dismiss, the Fleischers specifically state that "[t]he Plaintiffs do not seek a private right of relief under 42 U.S.C. §§ 4012a(b) or 4104a in that none is available." The Fleischers maintain that "[t]he allegations were included in support of

Plaintiffs' negligence claim to show the degree of negligence and to avoid the FTCA exception based on 'discretionary function.'" Hence, these statutes do not create a specific action against the government for the type of damages sustained by the Fleischers and provide no basis for the waiver of sovereign immunity.

Therefore, because the Fleischers' claim of negligence "arises out of" an alleged misrepresentation by the USDVA, making the FTCA inapplicable under § 2680(h), and there is no indication that sovereign immunity has been waived independently of the FTCA, this court lacks subject matter jurisdiction over the Fleischers' FTCA claim against the USDVA.

*C. Contractual Claims*

■ In their complaint, the Fleischers also seek to recover damages for breach of contract, to rescind the contract to purchase, and to enjoin the USDVA from enforcing its outstanding lien under the purchase agreement. With regard to contract actions against the government, 28 U.S.C. § 1346 provides, in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States....

28 U.S.C. § 1346(a)(2). Further, the Tucker Act, 28 U.S.C. § 1491, provides:

(a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States....

Reading these statutes together, it is apparent that the Court of Federal Claims has exclusive jurisdiction over contract claims in excess of $10,000.00 brought by private liti-

gants against the federal government. *See generally Wilkerson,* 67 F.3d at 118 (citing *Ware,* 626 F.2d at 1287); *Board of Governors of Fed. Reserve Sys. v. DLG Fin. Corp.,* 29 F.3d 993, 1000 n. 19 (5th Cir.1994), *cert. dismissed,* —— U.S. ——, 115 S.Ct. 1085, 130 L.Ed.2d 1055 (1995); *Army & Air Force Exch. Serv. v. Sheehan,* 456 U.S. 728, 734 n. 5, 102 S.Ct. 2118, 2122, 72 L.Ed.2d 520 (1982); *Graham v. Henegar,* 640 F.2d 732, 734–35 (5th Cir.1981); *A.L. Rowan & Son Gen. Contractors, Inc. v. Department of Hous. & Urban Dev.,* 611 F.2d 997, 999 (5th Cir.1980); *Carter v. Seamans,* 411 F.2d 767, 771–72 (5th Cir.1969), *cert. denied,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); *Blanchard v. St. Paul Fire & Marine Ins. Co.,* 341 F.2d 351, 358 (5th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965). Because it is undisputed that the Fleischers assert contractual damages in excess of $10,000.00, the exclusive jurisdiction for hearing those claims lies in the Court of Federal Claims. Furthermore, 28 U.S.C. § 1406(c) permits a case within the exclusive jurisdiction of the Court of Claims to be transferred directly by the district court to the Court of Federal Claims "in the interest of justice." *See Graham,* 640 F.2d at 736; *Dr. John T. MacDonald Found., Inc. v. Califano,* 571 F.2d 328, 332 (5th Cir.), *cert. denied,* 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978); *see also Russell v. Law Enforcement Assistance Admin.,* 637 F.2d 354, 356 (5th Cir.1981); *A.L. Rowan & Son Gen. Contractors, Inc.,* 611 F.2d at 1001.

The USDVA acknowledges in its motion to dismiss that the United States Court of Federal Claims has exclusive jurisdiction over claims against the government in excess of $10,000.00. Yet, the USDVA argues that the Fleischers' contractual actions should be dismissed, rather than transferred, because the statute of limitations would not be implicated. The USDVA maintains that the Fleischers could refile the contract portion of their case with the Court of Claims.

The Fleischers, however, request in their countermotion that their contractual claims be transferred to the United States Court of Federal Claims. Although the Fleischers concede that they would not be prejudiced in terms of the statute of limitations, they correctly point out that a dismissal would require further document preparation, delay, and paying another filing fee. Under these circumstances, the Fleischers' countermotion to transfer their contractual claims to the Court of Federal Claims has merit and should be granted.

### III. *Conclusion*

Accordingly, the USDVA's Motion to Dismiss is GRANTED in part and DENIED in part. With respect to the Fleischers' claim for damages under the FTCA, the claim is barred by the doctrine of sovereign immunity and is DISMISSED. Because there is no private cause of action under the 42 U.S.C. §§ 4104a or 4012a(b), to the extent the Fleischers are asserting such claims, they are DISMISSED.

The Fleischers' Countermotion to Transfer the Contract Causes of Action to the United States Court of Federal Claims is GRANTED. Because the Fleischers seek contractual damages against the USDVA in excess of $10,000.00, exclusive jurisdiction is vested in the United States Court of Federal Claims, and the Fleischers' contractual claims are TRANSFERRED to that court.

IT IS SO ORDERED.

### ORDER TRANSFERRING CONTRACTUAL CLAIMS AGAINST THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

Paul G. Fleischer and Ruth M. Fleischer's contractual causes of action against the United States Department of Veterans Affairs are transferred to the United States Court of Federal Claims.

IT IS SO ORDERED.