132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan MIGLIORE, individually; Anthony Migliore, by and
through his Guardian ad Litem, Susan Migliore,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 97-55450.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-95-00974-WBE; William B. Enright, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Susan Migliore, individually and on behalf of her son Anthony Migliore, appeals from the district court's dismissal of their claims for medical malpractice under the Federal Torts Claims Act ("FTCA"). They argue that the district court erred in holding that the two-year statute of limitations in 28 U.S.C. § 2401(b) bars their claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), see Mundy v. United States, 983 F.2d 950, 952 (9th Cir.1993), and we affirm.
 
 
 3
 We agree with the district court that Susan and Anthony's medical malpractice claims accrued in April 1992 because, at that time, Susan knew that Anthony had suffered an injury at birth, and was aware that the injury required Anthony to be followed closely by specialists, including a neurologist, during the first year of his life. See Herrera-Diaz v. United States Dep't of Navy, 845 F.2d 1534, 1536-37 (9th Cir.1988) (citing United States v. Kubrick, 444 U.S. 111, 123-125 (1979), and quoting Davis v. United States, 642 F.2d 328, 331 (9th Cir.1981)); Ashley v. United States, 413 F.2d 490, 493 (9th Cir.1969) (holding that a claim under the FTCA does not wait to accrue until a party knows the precise extent of an injury). At that time, Susan was also aware that the cause of Anthony's injury was most likely his premature birth, and that had Dr. Rivera performed a cerclage, the premature birth may have been prevented. See Herrera-Diaz, 845 F.2d at 1536-37. The administrative claims filed in August 1994 were therefore untimely under section 2401(b). See 28 U.S.C. § 2401(b).[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also reject Susan's contention that her claim did not accrue until she terminated her doctor-patient relationship with Dr. Rivera. See Outman v. United States, 890 F.2d 1050, 1053 (9th Cir.1989) (holding that the continuous-treatment doctrine is not available in cases under the FTCA where "the plaintiff knows of the acts constituting the negligence)