**Rita R. HERRINGTON, as Personal Representative of the Estate of Lottie R. Herrington, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 00–35782.

D.C. No. CV–00–05229–RJB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2001.*

Decided Dec. 7, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM **

Rita Herrington, acting as Personal Representative for the estate of her late mother, Lottie Herrington, appeals from the district court's order dismissing her Federal Tort Claims Act ("FTCA") complaint against the government for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Herrington concedes in her opening brief that she failed to file an administrative claim with the Department of Veterans Affairs within two years after the estate's malpractice claim accrued, a jurisdictional prerequisite under the FTCA. 28 U.S.C. § 2401(b); *Burns v. United States,* 764 F.2d 722, 724 (9th Cir.1985). Nevertheless, she argues that the statute of limitations was tolled by the government's supposed fraudulent concealment of her mother's medical records.

We review de novo a district court's order dismissing an action for lack of subject matter jurisdiction. *See, e.g., Mundy v. United States,* 983 F.2d 950, 952 (9th Cir.1993). In the FTCA context, a plaintiff alleging that the government has engaged in fraudulent concealment " 'must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts.' " *Gibson v. United*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*States,* 781 F.2d 1334, 1345 (9th Cir.1986) (quoting *Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248, 250 (9th Cir. 1978)). Here, Herrington's conclusory pleading falls far short of the particularity that we have required to place the government on notice of such an equitable theory. She does not identify the nature of the concealment, the specific individuals who participated in the alleged concealment, or the specific documents that the government supposedly destroyed as part of its coverup. Nor does Herrington allege with any kind of particularity that she exercised due diligence during the course of her factual inquiry.

The district court's dismissal of the action for lack of subject matter jurisdiction is **AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.