**Leslie J. ROBINSON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 70–84C.

United States Claims Court.

July 2, 1985.

Gary A. Reese, Fairfax, Va., attorney of record, for plaintiff; Patterson & Reese, Fairfax, Va., of counsel.

Terrence S. Hartman, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

WIESE, Judge.

Plaintiff, the daughter of a former employee of the United States Department of Interior, now deceased, sues to recover an amount equal to the death benefit payable under her mother's Federal Employees Group Life Insurance (FEGLI) policy, of which she was the designated beneficiary. Defendant has moved to dismiss on the ground that the complaint fails to allege a breach by the United States of any duty owed by it under the Federal Employees Group Life Insurance Act, 5 U.S.C. §§ 8701–8716 (1982) or the accompanying regulations. Having studied the parties' briefs and having heard oral argument, the court has concluded that, on the present facts, the statute relied upon does not provide for the recovery of money damages against the United States, and hence the complaint does not state a claim within the jurisdiction of this court.

In the context of the present motion, one in which jurisdiction turns on the resolution of a legal rather than a factual question, the court will treat the facts alleged in the complaint as established. The complaint states that plaintiff's decedent resigned from Federal service on November 3, 1981, due to illness. At the time of her resignation she had been continuously covered under the FEGLI program since April 9, 1978. After her resignation, plaintiff's mother in-

formed employees of the Division of Personnel of the Department of Interior that she wished to convert her FEGLI policy to an individual policy of insurance. However, she died on December 7, 1981, before completing the requirements for conversion of the policy.

Plaintiff argues that the employees of the Division of Personnel, who understood that her mother wished to convert her life insurance, effectively prevented her from exercising that right. According to plaintiff, the Division of Personnel breached a duty to her mother to provide Standard Form (SF) 2821, Agency Certification of Insurance Status, a prerequisite to conversion, in a timely fashion after being informed of her desire to convert.

Under the regulations governing administration of the FEGLI program coverage of an insured employee terminates on the date of his or her separation from Federal service, subject to an automatic 31-day extension of regular life insurance coverage. 5 C.F.R. § 870.501(a) (1984). The FEGLI policy, as required by statute, contains a provision pursuant to which an employee may convert to an individual policy upon separation. In order to obtain continuous protection, the employee must apply in writing to the Office of Federal Employees Group Life Insurance (OFEGLI)[1] and pay the first premium for the individual policy within the 31-day extension period. Under certain circumstances, for example, where written notice of the right to convert is delayed, an employee may convert after the expiration of the extension period, though this, of course, would involve a lapse in coverage in the interim. *See Reinisch v. Metropolitan Life Insurance Co.,* 97 A.D.2d 135, 469 N.Y.S.2d 767 (1983).

In the case of plaintiff's mother, the necessary form, SF 2821, certifying her eligibility to convert, was not provided by the Division of Personnel until January 12,

---

**1.** OFEGLI is the administrative office of the insurance companies that underwrite the plan. It is not an agency of the United States.

1982. This was some 70 days after her retirement and more than a month after her death. Because plaintiff's mother died more than 31 days after her retirement and without having converted her policy, her FEGLI coverage had lapsed.

Plaintiff filed a claim for the proceeds of her mother's insurance with OFEGLI, which denied the claim. She then unsuccessfully appealed the denial to the Associate Director for Compensation of the Office of Personnel Management. The complaint in the present action was filed on February 15, 1984.

■ The Claims Court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (1982), is strictly limited. A claim within the court's jurisdiction must be founded upon "the Constitution, or any Act of Congress or any regulation of an executive department", *id.*, that explicitly or by fair implication provides for a right of recovery against the United States in monetary terms. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967).

The parties have devoted a large portion of their arguments to the question of whether or not the statute and regulations impose an actionable legal duty upon the Government to provide employees with forms to enable them to convert their FEGLI policies to individual insurance on separation from Federal service. But in view of the court's limited jurisdiction, this is only half the question, and the less crucial half. The crucial question to be answered is, assuming the Government owes its employees such a duty, does its breach give rise to a right to recover money damages against the Government?

■ The Court of Claims has held that the jurisdictional provision of the Federal Employees Group Life Insurance Act, currently codified at 5 U.S.C. § 8715 (1982), neither adds to nor subtracts from the court's Tucker Act jurisdiction. *Walker v. United States,* 161 Ct.Cl. 792 (1963). *Walker* also holds that this court has "jurisdiction of any claim against the Government founded on the life insurance act or on any regulation issued * * * pursuant thereto." *Id.* at 799. The court interprets the word "claim" in this context and as used in 5 U.S.C. § 8715 to mean a claim for which the recovery of money damages is authorized by the Life Insurance Act.

■ The court has reviewed the conversion provision of the Act, 5 U.S.C. § 8706(a), the corresponding regulation, 5 C.F.R. § 870.501(e), and also the provisions of the Federal Personnel Manual (FPM), Supplement 870–1, which plaintiff has argued impose a duty upon the United States to provide forms. Assuming, without deciding, that the FPM could be the source of such a duty, neither that document nor the statute and regulation, either together or separately, support the view that the United States could be held answerable in money damages for the breach of such a duty. Moreover, this court historically has been cautious in implying such a right from regulatory legislation. *See, e.g., Eastport Steamship,* 178 Ct.Cl. at 608, 372 F.2d at 1009–10. In this instance it would be unwise, absent a much clearer legislative statement, to expose the Government to potential monetary liability for every administrative lapse which might occur in the course of operating a program as large as FEGLI.

Accordingly, for the reasons stated, defendant's motion to dismiss is granted. The complaint shall be dismissed for lack of jurisdiction.

IT IS SO ORDERED.