**Patricia FRENCH**

v.

**The APPLIED PSYCHOLOGY GROUP OF TEXOMA, PA**

**CASE NO. 4:16–cv–864**

United States District Court, E.D. Texas, Sherman Division.

Signed 03/24/2017

Matthew Roy Scott, Javier A. Perez, Scott Perez LLP, Dallas, TX, for Patricia French.

Andrew Wesley Seibert, The Seibert Law Firm, PC, Arlington, TX, for The Applied Psychology Group of Texoma, PA.

## ORDER

KIMBERLY C. PRIEST JOHNSON, UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion & Brief to Dismiss for Lack of Subject–Matter Jurisdiction (Dkt. 4). Upon review of the motion and responsive briefing, the Court finds that the Motion is **DENIED.**[1]

### I. BACKGROUND

Patricia French ("Plaintiff") filed suit on November 10, 2016, asserting causes of action associated with her employment as a receptionist for The Applied Psychology Group of Texoma, PA ("Defendant"). *See* Dkt. 1. Plaintiff's claims are brought under the Texas Commission on Human Rights Act ("TCHRA") and the Federal Age Discrimination in Employment Act ("ADEA"). *See* Dkt. 1 at pp. 3–5.

Defendant now moves to dismiss the lawsuit for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. 1. Defendant argues that it does not qualify as an "employer" under the definition of the term contained in the ADEA, and therefore, the Court lacks jurisdiction to hear these claims. *See* Dkt. 4 at p. 2. Defendant filed the present motion on December 30, 2016, and Plaintiff filed a response in opposition on January 13, 2017. *See* Dkts. 4, 7.

### II. STANDARD

■ A motion to dismiss under Rule 12(b)(1) challenges the subject-matter ju-

risdiction of the court. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on the Rule 12(b)(1) motion to dismiss. *See id.* The court properly dismisses a case for lack of subject-matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *See CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

■ A motion under Rule 12(b)(1) should be granted only if it appears beyond doubt the plaintiff cannot prove a plausible set of facts in support of her claim. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). The court may find a plausible set of facts by considering: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See id.* The court must accept all well-pleaded allegations in the complaint as true and construe those allegations in light most favorable to the plaintiff. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Further, because the United States is a sovereign, the terms of its consent to be sued "define the federal courts' jurisdiction to entertain suits against it." *See Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000).

### III. ANALYSIS

Plaintiff contends, in her Original Complaint, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which instructs that district courts have

---

1. On February 16, 2017, the undersigned issued a Report and Recommendation that Defendant's Motion & Brief to Dismiss for Lack of Subject–Matter Jurisdiction (Dkt. 4) be denied. *See* Dkt. 10. Neither party filed objections to the Report. On February 24, 2017,

with consent of the parties, the case was referred to proceed before the undersigned. *See* Dkts. 12, 13. This Order, therefore, is the Court's final decision with reference to Defendant's Motion to Dismiss.

826

"original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* Dkt. 1 at p. 2. As recognized by Defendant, Plaintiff brings ADEA claims under Federal Law, which require an "employer," characterized as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See* 29 U.S.C. § 630. Defendant argues, and presents evidence, that it never had twenty employees during the time Plaintiff worked for Defendant and, therefore, does not qualify as an "employer." *See* Dkt. 4 at p. 2.

■ The issue before the Court is whether the employee-numerosity requirement is jurisdictional or whether this issue relates to the merits of ADEA claims, which should be considered by a trier of fact. Plaintiff contends the numerosity requirement is an element of an ADEA claim—not a jurisdictional qualifier. *See* Dkt. 7 at p. 2.

In *Arbaugh v. Y&H Corp.*, the Supreme Court addressed a similar employee-numerosity requirement for suits brought under Title VII. 546 U.S. 500, 505, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The Supreme Court considered whether Title VII's limitation that suits may only be brought against a party with fifteen (15) or more employees on its payroll is an issue of jurisdiction. The Supreme Court held that the employee-numerosity requirement does not delineate subject-matter jurisdiction, but instead is an element of a plaintiff's claim for relief. *See id.* at 515, 126 S.Ct. 1235. The Court opined that this principle applied beyond cases brought under Title VII, stating that "[w]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *See id.*

Under the ADEA, the issue of employee-numerosity is treated as an element of the claim, and as such, is an issue of fact rather than a jurisdictional matter to be decided by the Court. This determination aligns with decisions by other Federal Courts addressing this issue. *See, e.g., Stanley v. RBO Custom Home Builders, LLC,* 2006 WL 3366134, at *2 (E.D. La. Nov. 20, 2006); *Simons v. Harrison Waldrop & Uhereck, L.L.P.,* 2006 WL 763619, at *2 (S.D. Tex. Mar. 24, 2006); *Grimsley v. Methodist Richardson Med. Ctr. Found., Inc.,* 2011 WL 825749, at *2 (N.D. Tex. Mar. 3, 2011); *Butler v. Cleburne County Comm'n,* 2012 WL 2357740, at *6 (N.D. Ala. Jan, 17, 2012). The Court has subject-matter jurisdiction, not because the Court makes a determination of whether Defendant is an "employer" under the ADEA, but because Plaintiff's Original Complaint asserts a federal question cause of action.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Defendant's Motion & Brief to Dismiss for Lack of Subject–Matter Jurisdiction (Dkt. 4) is **DENIED.**

It is **SO ORDERED.**