**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1306

LINDA M. BENNETT, Executrix for the Estate of Elizabeth H. Maynard and on behalf of herself and others similarly situated,

Plaintiff - Appellant,

v.

OFFICE OF FEDERAL EMPLOYEE'S GROUP LIFE INSURANCE; METROPOLITAN LIFE INSURANCE COMPANY; OFFICE OF PERSONNEL MANAGEMENT,

Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cv-00137-JAB-JLW)

Submitted: October 28, 2016      Decided: March 28, 2017

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

Linda M. Bennett, Appellant Pro Se. Elizabeth J. Bondurant, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Atlanta, Georgia; Katherine Thompson Lange, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC, Charlotte, North Carolina; Joan Brodish Childs, Assistant United States Attorney, Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda M. Bennett filed a complaint in her capacity as Executrix of the Estate of Elizabeth H. Maynard and on behalf of herself and others similarly situated. Bennett appeals the district court's orders adopting the recommendations of the magistrate judge and dismissing her claims against the Office of Personnel Management ("OPM") as barred by sovereign immunity and dismissing as moot her claims against the Metropolitan Life Insurance Company ("MetLife").[1] We affirm the district court's order dismissing OPM, vacate the district court's order dismissing as moot the claims against MetLife, and remand this case for further proceedings.

## I.

Before deciding whether the doctrines of sovereign immunity and mootness apply in this case, we must first determine the nature of Bennett's claims. While Bennett's complaint asserted various causes of action against Defendants arising out of their handling of Bennett's claim for life insurance benefits under Maynard's policy, Defendants contend that Bennett may only raise a claim under the Federal Employees' Group Life Insurance Act

---

[1] Bennett also named the Office of Federal Employee's Group Life Insurance ("OFEGLI") as a defendant. Because OFEGLI is part of MetLife, we refer to both OFEGLI and MetLife simply as MetLife. We refer to OPM, OFEGLI, and MetLife, collectively, as Defendants.

("FEGLIA"), 5 U.S.C.A. §§ 8701 to 8716 (West 2007 & Supp. 2016).

We agree.

> FEGLIA provides that
>
> [t]he provisions of any contract under [FEGLIA] which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, . . . which relates to group life insurance to the extent that the law . . . is inconsistent with the contractual provisions.

5 U.S.C.A. § 8709(d)(1).  In interpreting a similar preemption provision in the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a) (2012),[2] we have concluded that ERISA preempts a state law claim when the "claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA."  Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 258 (4th Cir. 2005).  Similarly, the Second Circuit has found a claim was not preempted by FEGLIA when it did "not seek to function as an alternative enforcement mechanism to obtain benefits under a FEGLIA policy."  Devlin v. United States, 352 F.3d 525, 544 (2d Cir. 2003).

Applying these principles, although Bennett expressed dissatisfaction with Defendants' handling of her claim, all of her claims related to Maynard's insurance policy.  Absent this

---

[2] ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan."  29 U.S.C. § 1144(a).

4

policy, Bennett would have no right to enforce any claims of unfair dealing, bad faith, negligence, or fraud. Moreover, Bennett expressly sought benefits under the policy and further contends that MetLife has improperly paid another beneficiary. Thus, we conclude Bennett's claims arise solely under FEGLIA.

II.

We review a district court's dismissal of an action for lack of subject matter jurisdiction de novo. Pornomo v. United States, 814 F.3d 681, 687 (4th Cir. 2016). "The district courts of the United States have original jurisdiction . . . of a civil action or claim against the United States founded on [FEGLIA]." 5 U.S.C.A. § 8715. Our sister Courts of Appeals have found that this provision constitutes a limited waiver of sovereign immunity. See, e.g., Lewis v. Merit Sys. Prot. Bd., 301 F.3d 1352, 1354 (Fed. Cir. 2002); Metro. Life Ins. Co. v. Atkins, 225 F.3d 510, 513 (5th Cir. 2000); Barnes v. United States, 307 F.2d 655, 657-58 (D.C. Cir. 1962).

We agree with the magistrate judge and the district court that the United States has not waived its sovereign immunity with respect to Bennett's claims against OPM. Those claims center on Bennett's allegation that Maynard's beneficiary forms were invalid because of undue influence. "Neither FEGLIA nor the related administrative regulations impose a duty on the Government to review designation of beneficiary forms for

5

fraud." Argent v. Office of Pers. Mgmt., No. 96 Civ. 2516, 1997 WL 473975, at *4 (S.D.N.Y. Aug. 20, 1997). Rather, OPM's duties under FEGLIA are limited to "maintain[ing] the designation of beneficiary forms turned over to its care." Atkins, 225 F.3d at 514. Therefore, we affirm the district court's dismissal of OPM.

Turning to the district court's order dismissing MetLife, "[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (internal quotation marks omitted). When a case or controversy ceases to exist, thereby mooting the litigation, the federal court no longer possesses jurisdiction to proceed. Id. "The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence . . . ." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (internal quotation marks omitted).

Here, the district court found that MetLife's offer of settlement, which included tendering a check for the benefits Bennett asserted she was due, mooted Bennett's claims. However, in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016), the Supreme Court held that "an unaccepted offer to satisfy the named plaintiff's individual claim [is insufficient] to render a case moot when the complaint seeks relief on behalf of the

6

plaintiff and a class of persons similarly situated." Id. at 666. We note that the magistrate judge did not have the benefit of Campbell-Ewald when recommending dismissal as moot of the claims against MetLife. In light of Campbell-Ewald, we conclude that Bennett's claims are not moot. However, we conclude that the district court did not err in dismissing Bennett's class claims because Bennett failed to comply with M.D.N.C.R. Civ. P. 23.1(b). See United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 375 (4th Cir. 2015) ("[W]e may affirm a district court's ruling on any ground apparent in the record.").

## III.

Accordingly, we affirm the district court's order adopting the magistrate judge's recommendation and dismissing OPM, vacate the district court's order adopting the magistrate judge's recommendation and dismissing as moot the claims against MetLife, and remand to the district court for further proceedings and with instructions to dismiss Bennett's class claims with prejudice. By this disposition, we express no view on the merits of Bennett's individual claims or whether future developments may moot Bennett's claims against MetLife. We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND
REMANDED WITH INSTRUCTIONS
