206

206

**Ruben T. HERNANDEZ,**
**Plaintiff—Appellant,**

v.

**UNITED STATES of America,**
**Defendant—Appellee.**

No. 03–55565.

D.C. No. CV–98–05350–DDP.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Ruben T. Hernandez, PBSP–Pelican Bay State Prison, Crescent City, CA, for Plaintiff–Appellant.

Joanne S. Osinoff, USLA–Office of the U.S. Attorney, Civil Division, Los Angeles, CA, for Defendant–Appellee.

Before GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM**

Ruben T. Hernandez appeals the district court's judgment dismissing his action against the United States seeking money damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The district court determined that Hernandez's claim that government officials were negligent in failing to protect him from assault while housed in a federal detention center was barred by discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). We

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo the dismissal of an FTCA action for lack of subject matter jurisdiction. *Bibeau v. Pac. Northwest Research Found., Inc.*, 339 F.3d 942 (9th Cir.2003). Hernandez argues that the United States Marshals Service ("USMS") acted negligently in overseeing security in the Metropolitan Detention Center in Los Angeles, California while he was awaiting trial as a codefendant in *United States v. Alex Aguirre, et al.*, Case No. CR 95–345 RSWL. He maintains that the USMS failed to take proper measures to protect his life, including but not limited to the failure to place him in a separate cell, the failure to warn him that his life was in danger, and the failure to check for weapons.

In determining whether a claim is barred by the discretionary function exception to the FTCA, we apply a two-prong test. *United States v. Gaubert*, 499 U.S. 315, 322–24, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). We must first decide whether the USMS's security measures were within its discretionary authority. *Id.* at 322. A governmental action is not discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Congress has established that "the primary role and mission of the United States Marshals Service" is "to provide for the security ... of the United States District Courts." 28 U.S.C. § 566(a). The Supreme Court has instructed that "[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Al-*

*bers*, 475 U.S. 312, 321–22, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). The Assistant Chief Deputy of the USMS testified that the service's security decisions are committed to the discretion and judgment of USMS personnel. Because there is no federal statute, regulation, or policy that specifies the precise steps the USMS must take to secure the safety of a prisoner, we conclude that USMS's security measures were discretionary.

Next, we must determine whether the Government's challenged decisions were based on social, economic, or public policy. *Gaubert*, 499 U.S. at 322. We recently stated in *Alfrey v. United States*, 276 F.3d 557 (9th Cir.2002) that "[i]t is clear that balancing the need to provide inmate security with the rights of inmates to circulate and socialize within the prison involves considerations based upon public policy." *Id.* at 564 (quoting *Calderon v. United States*, 123 F.3d 947, 951 (7th Cir.1997)). Accordingly, the security decisions of the USMS during the *Aguirre* trial were grounded in policy considerations.

Because we conclude that the discretionary function to the FTCA bars Hernandez's claim that the Government was negligent in failing to protect him from assault, we affirm the district court's dismissal of his action.

**AFFIRMED.**