Cuesta La Honda GUILD, a California
corporation, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 81–4317.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1982.

Decided Aug. 24, 1982.

Douglas S. McGlashan, Law Offices of
Douglas S. McGlashan, San Mateo, Cal., for
plaintiff-appellant.

Patrick Ramirez S. Bupara, Asst. U. S.
Atty., San Francisco, Cal., for defendant-
appellee.

Before SWYGERT,[1] Senior Circuit Judge,
and KENNEDY and ALARCON, Circuit
Judges.

SWYGERT, Senior Circuit Judge.

Cuesta La Honda Guild ("the Guild") is a
nonprofit homeowners association that pro-
vides water to its members in a rural area
of San Mateo County.  The Guild asked the
Soil Conservation Service of the United
States Department of Agriculture ("SCS")
for aid in building a water storage dam and
reservoir.  The SCS surveyed possible sites,
performed foundation analyses, and prepar-
ed a topographic survey.  Based upon its
investigation, the SCS recommended a site
for the dam and reservoir.  In addition,
SCS made a design for the dam and reser-
voir and prepared construction plans and
specifications.

1. The Honorable Luther M. Swygert, United
States Senior Circuit Judge for the Seventh
Circuit, sitting by designation.

The reservoir was built and filled, but the dam failed. SCS's study concluded that the failure resulted from deficiencies in its underlying investigation and its resulting design plans and specifications. The reservoir is a complete loss and must be restored at considerable expense.

The Guild sued the United States which moved to dismiss on the ground that the misrepresentation exception of 28 U.S.C. § 2680(h) barred the claim.[2] The district court granted summary judgment for the United States on the basis of the misrepresentation exception. This appeal followed. The only issue is whether the misrepresentation exception applies on these facts.

## I

On the one hand, the Government observes that any misrepresentation involves some underlying negligence. It argues that the plaintiff is focusing on the underlying negligence instead of on the fact that the Guild relied to its detriment on misinformation communicated by the Government. On the other hand, the plaintiff points out that any negligence action can be characterized as one for misrepresentation because any time a person does something he explicitly or implicitly represents that he will do the thing non-negligently. The Guild argues that the Government is focusing on that fact instead of on the fact that the Government negligently performed the operations it voluntarily undertook.

■■■ The key distinction in this area is between the performance of operational tasks and the communication of information. The Government is liable for injuries resulting from negligence in performance of operational tasks even though misrepresentations are collaterally involved. It is not liable, however, for injuries resulting from commercial decisions made in reliance on government misrepresentations. *Preston v. United States*, 596 F.2d 232, 238 (7th Cir.), *cert. denied*, 444 U.S. 915, 100 S.Ct.

228, 62 L.Ed.2d 169 (1979); *Green v. United States*, 629 F.2d 581, 584–85 (9th Cir. 1980).

This circuit has held that the failure of a government doctor to warn of risks attendant to surgery does not constitute an action for misrepresentation. We noted that improper diagnosis may collaterally involve misrepresentations in that the doctor communicates his diagnosis to the patient and implicitly represents that the diagnosis is correct. Nonetheless, the action is for negligent performance. *Ramirez v. United States*, 567 F.2d 854, 857 (9th Cir. 1977). *See also Ware v. United States*, 626 F.2d 1278 (5th Cir. 1980) (negligence action when farmer's cattle destroyed because of government's misdiagnosis of cattle as tubercular). Similarly, in *Neal v. Bergland*, 646 F.2d 1178 (6th Cir. 1981), the Government negligently inspected and supervised the construction of the plaintiff's house. The court held that this was not a misrepresentation; rather, the claim was for the failure of the Government to use due care in performing an operational task.

■■■ The misrepresentation exception applies to claims for damages resulting from commercial decisions based upon false or inadequate information provided by the government. In *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), the plaintiff relied on an FHA appraisal in paying a certain price for the house. In fact the appraisal had been prepared negligently and the house was worth less than the appraisal stated. The Court held that the action was one for misrepresentation because the essential factor was the plaintiff's reliance upon misinformation communicated to him by the Government. *Id.* at 706–07, 81 S.Ct. at 1300–1301. *See Green v. United States*, 629 F.2d 581, 585 (9th Cir. 1980) (and cases cited therein) (misrepresentation action when cattle became sick because government failed adequately to warn farmers of full consequences of DDT spray program).

2. 28 U.S.C. § 2680(h) reads in pertinent part:
The provisions of this chapter and section 1346(b) of this title shall not apply to—
 \* \* \* \* \* \*

(h) Any claim arising out of . . . *misrepresentation*, deceit, or interference with contract rights. . . . (emphasis added)

## II

The key issue is the correct characterization of the Government's conduct in this case. The Guild contends that the Government negligently prepared plans, specifications, and designs. The Government counters that it provided documents containing recommendations and plans, and damage occurred because the Guild relied on this misinformation.

■ If SCS had merely provided the Guild with information that it had gathered, and if the Guild had relied on that information to its detriment, then *Neustadt* and *Green* would control. In that situation the essence of the complaint would be the reliance upon misinformation communicated by the Government. The facts here, however, are significantly different. In our case the Government engaged in a species of engineering malpractice. It undertook the design and planning for the dam and reservoir. Designing the dam and reservoir was an operational task and the Government performed it negligently. Any communication of misinformation was collateral. The misrepresentation exception does not apply on these facts because the essence of the complaint is one for failure to take due care in the performance of a voluntary task.

The judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.