**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MASHOUNA ANDRADE, et al.

               Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

               Defendant-Appellee.

No.    20-55309

D.C. No.
3:19-cv-00930-BAS-WVG

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted February 10, 2021[**]
Pasadena, California

Before:  TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Mashouna Andrade sued the United States for negligence after a federally funded health clinic mistakenly advised her local pharmacy that she was not a patient, leading to her arrest for a forged prescription. The district court dismissed

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the complaint, 28 U.S.C. §1346(b), ruling that under the Federal Torts Claims Act ("FTCA"), the United States preserved its sovereign immunity against claims arising out of "misrepresentation." 28 U.S.C. § 2680(h). We affirm.

1. Andrade went to CVS to pick up an opioid prescription for a toothache — and left with a metaphorical headache after police officers handcuffed and arrested her for a false prescription. CVS had called San Ysidro Health, a federally funded clinic, to verify the prescription. An employee there incorrectly claimed that Andrade was not a patient and that her physician was not a current employee. The CVS staff reported her for attempting to fill a forged prescription. When the police later called the clinic, a different employee reiterated the incorrect information. Andrade was arrested and held overnight. The state dropped all charges against Andrade after her attorney submitted evidence confirming her story. Andrade sued the federal government for negligence under the FTCA.

2. We start with the background presumption that the United States enjoys sovereign immunity from civil suits. *United States v. Sherwood*, 312 U.S. 584, 586-87, 61 S. Ct. 767, 769–70, 85 L. Ed. 1058 (1941) (citations omitted). Nevertheless, Congress, by explicit waiver, may consent to suit in federal court. *See United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503, 23 L. Ed. 2d 52 (1969). And under the FTCA, 28 U.S.C. §§ 2671 *et seq.*, the federal government waived sovereign immunity to certain common law tort claims.

2

But Congress did not waive sovereign immunity for all torts. Rather, it exempted "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit*, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). Importantly, in *United States v. Neustadt,* the Supreme Court held that, based on the inclusion and juxtaposition of misrepresentation and deceit, Section 2680(h) "comprehends claims arising out of *negligent*, as well as willful, *misrepresentation.*" 366 U.S. 696, 702, 81 S. Ct. 1294, 1298, 6 L. Ed. 2d 614 (1961) (emphases added).

Here, the employees at the federally funded clinic negligently misrepresented to CVS that Andrade was not a patient at the clinic. Thus, under *Neustadt*, the FTCA forecloses Andrade's negligence claim because the United States has not waived its sovereign immunity for such a claim.

3. Andrade tries to evade FTCA's exception of waiver for negligence claims by arguing that misrepresentation requires reliance and that there was no reliance here because "no representations were ever made by the government to Ms. Andrade or her daughter on which they could reasonably rely." But we already rejected this argument in *Alexander v. United States*, 787 F.2d 1349, 1350–51 (9th Cir. 1986) (same). In that case, Alexander sued the federal government after the FBI negligently provided sealed court records in providing background check materials to his employer. Alexander was not the recipient of the government's

3

misrepresentation; rather, his employer received and relied on it. *Alexander*, 787 F.2d at 1350. It does not matter whether the federal clinic negligently misinformed Andrade, a CVS pharmacist, or a San Diego Police officer. The "gravamen of the claim" is still misrepresentation. *Neustadt*, 366 U.S. at 704 (citation omitted).

4.     Andrade tries to cabin the "misrepresentation" exception only to the "duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his *economic* affairs" *Nuestadt*, 366 U.S. at 706–07 (internal quotation marks omitted) (emphasis added). While the misrepresentation in *Nuestadt* led to the loss of a job, nothing in the opinion suggests that the holding is limited to "economic affairs." Indeed, this court in *Kim v. United States* held that section 2680(h) bars claims for damages against the United States arising out of non-economic reliance on misrepresentations. 940 F.3d 484 (9th Cir. 2019). We rejected the argument that "decades ago, our court limited the exception only to cases" involving economic decisions. *Id*. at 492–93. Rather, we plainly stated that "[o]ur cases impose no such limitation." *Id*. at 493.

Because the federal government under the FTCA did not waive its sovereign immunity for negligent misrepresentation claims, the district court lacked jurisdiction over Andrade's claim.

**AFFIRMED**.